UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Athena Adams

    v.                                         Civil No. 17-cv-202-AJ

Oakridge Direct Solutions Corp.


**REPORT AND RECOMMENDATION**

Athena Adams brought suit against Oakridge Direct Solutions Corporation ("Oakridge") alleging claims arising out of communications that Oakridge made to her in an attempt to collect a debt. On August 22, 2017, the Clerk of the Court entered default against Oakridge. See doc. no. 9. Before the court for Report and Recommendation[1] is Adams's motion for default judgment (doc. no. 11) pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, the court

---

[1] The undersigned cannot enter a final disposition in this matter, as the defaulted party has not consented to jurisdiction as required by 28 U.S.C. § 636(c)(1). See Henry v. Tri-Servs., Inc., 33 F.3d 931, 933 (8th Cir. 1994); cf. Roell v. Withrow, 538 U.S. 580, 590 (2003) (noting that consent can be inferred when "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared . . . before the Magistrate Judge" (emphasis added)); Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 72-73 (1st Cir. 2001) (holding that magistrate judge did not have the authority on referral under a different subsection of § 636 to make a final determination on damages following an entry of default). The court accordingly issues a report and recommendation, to be reviewed by a district judge.

1

recommends that Adams's motion be granted as to liability and damages, but holds its recommendation with respect to fees and costs in abeyance.

### Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003). Before entering a default judgment, the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcón v Autoridad de Energía Electríca, 301 F.3d 1, 2 (1st Cir. 2002) (quoting Guirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)). The defaulted party is "taken to have conceded the truth of the factual allegations in the complaint . . . ." Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (internal quotation marks omitted) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999)). The defaulted party does not, however, "admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). Therefore, before entering default judgment, the court must determine whether the admitted facts state actionable claims. See Hop Hing Produces

Inc. v. X & L Supermarket, Inc., No. 12-cv-1401-ARR-MDG, 2013 WL 1232919, at *2 (E.D.N.Y. Mar. 4, 2013); E. Armata, Inc. v. 27 Farmers Market, Inc., No. 08-cv-5212-KSH, 2009 WL 2386074, at *2 (D.N.J. July 31, 2009).

## Background

By virtue of its default, Oakridge concedes the following facts.  Athena Adams resides in Hillsborough County, New Hampshire.  Oakridge is a New York corporation in the debt-collection business.  Oakridge left two voicemails on Adams's home answering machine.  In the first voicemail, Oakridge stated that an attempt at service had been made to Adams, requested that Adams immediately call back, and indicated that if she did not do so a "refusal of allegations" would automatically be entered and "forcible recovery" would begin.  In the second voicemail, Oakridge claimed to be a "person locator" with a "case number," and threatened to execute service at Adams's place of employment if she did not call back or accept service at her residence.  Oakridge made no attempt at forcible recovery or service following these phone calls, and did not provide Adams with the information identified in 15 U.S.C. § 1692g either in its initial communication with Adams or within five days of those communications.

**Discussion**

In Counts I through V, Adams seeks statutory damages under the Fair Debt Collect Practices Act ("FDCPA"), 15 U.S.C. § 1962, et seq.[2]  "In order to prevail on an FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Halsey v. Litton Loan Servicing, No. 12-cv-511-PB, 2013 WL 3754919, at *3 (D.N.H. July 13, 2013) (internal quotation marks and citations omitted).  By virtue of its default, Oakridge concedes that it is a debt collector for FDCPA purposes.  The allegations in the complaint — and particularly Oakridge's representation that it would begin "forcible recovery" — support a plausible inference that Oakridge was attempting to collect a consumer debt from Adams.  Thus, the sole inquiry before the court is whether Adams has adequately alleged that Oakridge engaged in an act or omission prohibited by the FDCPA.

---

[2] Adams also alleges violations of N.H. Rev. Stat. Ann. §§ 358-A and 358-C and a common-law claim for invasion of privacy.  In her motion for default judgment, Adams indicates that she does not wish to pursue damages under these claims. The court accordingly recommends that they be dismissed.

4

Adams alleges violations of 15 U.S.C. §§ 1692g, 1692e, 1692f, 1692d, and 1692c.  As relevant here, § 1692g requires that a debt collector provide a consumer with certain information regarding a debt either in its initial communication with the consumer or within five days of that communication.  Id. § 1692g.  In her complaint, Adams alleges that she received two voicemails from Oakridge, but that Oakridge failed to provide her with the information required under § 1692g either in its initial communication or within five days of the communication.  Assuming the truth of these allegations, Adams has stated a cause of action under § 1692g(a).  She is therefore entitled to default judgment on Count I.[3]

## Damages

"In the case of defaulting defendants, allegations of damages are not deemed admitted in the context of a default judgment, and it is the plaintiff's burden to establish any entitlement to recovery."  Joe Hand Promotions, Inc. v. Rajan, No. 10-40029-TSH, 2011 WL 3295424, at *3 n.2 (D. Mass. July 28,

---

[3] Because Adams is entitled to default judgment on Count I based on Oakridge's violation of § 1692(g), the court does not address Adams's claims under §§ 1692(e), 1692(f), 1692(d), 1692(c).  See, e.g., Rhodes v. Olson Assocs., P.C., 83 F. Supp. 3d 1096, 1103 (D. Col. Mar. 13, 2015) ("Because the FDCPA is a strict liability statute, Plaintiff need demonstrate only one violation of its provisions to be entitled to a favorable judgment.").

2011) (internal quotation marks and citations omitted). "The FDCPA provides that successful plaintiffs are entitled to actual damages [and] statutory damages of up to $1,000 . . . ." French v. Corp. Receivables, Inc., 489 F.3d 402, 403 (1st Cir. 2007) (quoting 15 U.S.C. § 1692k (a) (3)). Here, Adams seeks only statutory damages.

"[S]tatutory damages under the FDCPA are limited to $1,000 per lawsuit, not $1,000 per violation." Nelson v. Equifax Info. Servs., LLC, 522 F. Supp. 2d 1222, 1238 (C.D. Cal. 2007); see also Wright v. Fin. Serv. of Norwalk, Inc., 22 F.3d 647, 650-51 (6th Cir. 1994) (en banc); Williams v. Pressler and Pressler, LLP, No. 11-7296 (KSH), 2013 WL 5435068, at *10 (D.N.J. Sept. 27, 2013); Stilz v. Global Cash Network, Inc., No. 10 CV 1998, 2010 WL 3975588, at *4 (N.D. Ill. Oct. 7, 2010). "Whether statutory damages should be granted, and, if so, whether the full amount of $1,000 should be allowed is committed to the discretion of the court." Manopla v. Brant, Hodge and Assoc., LLC, No. 13-338 (JAP), 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014) (citations omitted). "In exercising that discretion, courts look to the nature of the violation." Id. "If the violation is especially egregious, or if plaintiffs show that it was repeated and persistent, courts are more likely to award the full amount." Id. (citations omitted). When assessing statutory damages in an FDCPA action, the court should consider

6

"the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

In view of the facts alleged in the complaint, the court considers $1,000 in statutory damages to be an appropriate award. As previously discussed, Adams's claim is based on two voicemail messages left by Oakridge. Assuming the truth of the allegations in the complaint, Oakridge violated the FDCPA in at least three separate ways by failing to provide the required notice under § 1692g(a)(3), § 1692g(a)(4), and § 1692g(a)(5). See Kaylore-Trent v. John C. Bonewicz, P.C., 910 F. Supp. 2d 1112, 1115-16 (C.D. Ill. 2012) (noting how even a single debt collector message can violate the FDCPA in multiple ways). Because Oakridge left multiple voicemails attempting to collect a debt and failed to provide the required notice of validation rights, the court views Oakridge's failure to provide any written notice to Adams as sufficient grounds to award $1,000 in statutory damages.

Accordingly, the Court recommends that the district judge award Adams $1,000 in statutory damages.

### Costs and Fees

Under the FDCPA, a prevailing party is entitled to "the costs of the action, together with reasonable attorney's fees as

7

determined by the court." French, 489 F.3d at 403 (1st Cir. 2007) (internal quotations and ellipsis omitted) (quoting 15 U.S.C. § 1692k (a)(3)). "An award of attorney's fees to successful plaintiffs under the FDCPA is obligatory." Id.

An award of reasonable attorney's fees is typically calculated by the lodestar method in which the court multiplies the hours productively spent by a reasonable hourly rate. Spooner v. EEN, Inc., 644 F.3d 62, 67-68 (1st Cir. 2011). "'Reasonable hourly rates will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'" Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 16 (1st Cir. 2011) (quoting United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 38 (1st Cir. 2008)). The determination of what constitutes a "reasonable" fee is left to the court's discretion. de Jesus v. Banco Popular de P.R., 918 F.2d 232, 233-34 (1st Cir. 1990).

The party seeking a fee award bears the burden of producing materials to support the request. Hutchinson, 636 F.3d at 13. "Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel." Spooner, 644 F.3d at 68;

8

see also Bogan v. City of Boston, 489 F.3d 417, 426 (1st Cir. 2007).

Adams seeks an award of $3,962.50 in attorney's fees and $470 in costs. Her counsel submits a sworn affidavit in support of this request. In this affidavit, counsel states that he and members of his firm have spent at least 14.5 billable hours on this matter. He states that the work on this case has been charged at a rate of $325 per hour for attorney time and $125 per hour for staff time. He also states in the affidavit that he has previously been assigned an hourly rate of $325 per hour in other, more complex matters, and has been awarded $295 per hour by this court in the past.

In the court's view, Adams has not provided sufficient documentation for her costs and fees request. Though the court has recommended costs and fees awards in the past based solely on counsel's affidavit, counsel has made little attempt in this case to explain why the billable rate for attorneys has increased by $30 per hour over the rate approved in previous cases. Similarly, counsel has failed to identify which of the 14.5 total hours billed in this matter are attributable to attorney work versus work done by law firm staff, which bills as a significantly lower rate. In light of these facts, the court cannot determine whether Adams's request is reasonable.

The court therefore holds its recommendation on attorney's fees and costs in abeyance until counsel submits "contemporaneous time and billing records, suitably detailed, and information [concerning] the law firm's standard billing rates." Hutchinson, 636 F.3d at 13 (emphasis added). In a separate endorsed order, issued simultaneously with this report and recommendation, the court directs counsel to submit appropriate supporting documentation for the costs and fees request within thirty (30) days. The court will issue a subsequent report and recommendation at that time with respect to costs and fees.

## Conclusion

For the foregoing reasons, the court recommends that the district judge: (1) grant Adams's motion for default judgment (doc. no. 11) on Count I; and (2) award Adams $1,000 in statutory damages. The court holds in abeyance its recommendation on attorney's fees and costs.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v.

Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72 (b) (2).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2018

cc:  John. F. Skinner, III, Esq.