**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Athena Adams

    v.　　　　　　　　　　　　　　Civil No. 17-cv-202-AJ

Oakridge Direct Solutions Corp.

**REPORT AND RECOMMENDATION**

    Athena Adams brought suit under the Fair Debt Collect Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. against Oakridge Direct Solutions Corporation ("Oakridge") alleging claims arising out of communications that Oakridge made to her in an attempt to collect a debt. On August 22, 2017, the Clerk of Court entered default against Oakridge. See doc. no. 9. Adams moved for default judgment and, on April 3, 2018, the court issued a Report and Recommendation on Adams's motion. The court recommended that the district judge award Adams statutory damages of $1,000 but held in abeyance its recommendation on Adams's request for attorneys' fees and costs "until counsel submits 'contemporaneous time and billing records, suitably detailed, and information [concerning] the law firm's standard billing rates.'" Doc. no. 12 at 10 (quoting Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011)). On May 1, 2018, the district judge approved the Report and Recommendation. See doc. no. 13.

On May 3, 2018, Adams filed her supplemental request for attorneys' fees. See doc. no. 14. For the reasons that follow, the court recommends that the district judge award Adams attorneys' fees of $4,367.50 and costs in the amount of $470.

## Discussion

When the district judge approved the court's April 3, 2018 Report and Recommendation as to Adams's claim, Adams became a prevailing party under the FDCPA. See Hunter v. Oasis Financial Solutions, LLC, No. 10CV724 L(WVG), 2011 WL 1559256 at *1 (S.D. Cal. Apr. 25, 2011) ("[T]he Court entered default judgment against Oasis and therefore, plaintiff is the prevailing party for purposes of the assessment of attorney's fees under the FDCPA."). Under the FDCPA, a prevailing party is entitled to "the costs of the action, together with reasonable attorneys' fees as determined by the court." French v. Corp. Receivables, Inc., 489 F.3d 402, 403 (1st Cir. 2007) (internal quotations and ellipsis omitted) (quoting 15 U.S.C. § 1692k(a)(3)).

An award of reasonable attorneys' fees is typically calculated by the lodestar method in which the court multiplies the hours productively spent by a reasonable hourly rate. Spooner v. EEN, Inc., 644 F.3d 62, 67-68 (1st Cir. 2011). "'Reasonable hourly rates will vary depending on the nature of the work, the locality in which it is performed, the

2

qualifications of the lawyers, and other criteria.'" Hutchinson, 636 F.3d at 16 (quoting United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 38 (1st Cir. 2008)). The determination of what constitutes a "reasonable" fee is left to the court's discretion. de Jesus v. Banco Popular de P.R., 918 F.2d 232, 233-34 (1st Cir. 1990).

The party seeking a fee award bears the burden of producing materials to support the request. Hutchinson, 636 F.3d at 13. "Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel." Spooner, 644 F.3d at 68; see also Bogan v. City of Boston, 489 F.3d 417 (1st Cir. 2007).

In her motion for default judgment, Adams sought an award of $3,962.50 in attorneys' fees and $470 in costs. Her counsel submitted a sworn affidavit in support of that request. See doc. no. 11-1. The court determined that the affidavit failed to explain why the billable rate for Adams's lead counsel, who had previously submitted requests for and to whom the court had awarded attorneys' fees, had increased by $30 per hour over the rate approved in previous cases. See doc. no. 12 at 9-10. The court also found the affidavit lacking in that it did not identify which of the 14.5 total hours billed were attributable to attorney work versus work done by law firm staff. The court

3

therefore held in abeyance its recommendation as to Adams's request for attorneys' fees and costs and directed Adams to supplement her request.

In her supplement, Adams seeks $4,637.50 in attorneys' fees and $470 in costs, the increase accounting for the additional time spent on preparing the supplement. See doc. no. 14 at 3. Adams included as an exhibit to her supplement an invoice that provides a list of billing entries. See doc. no. 14-1. This list details how her counsel arrived at the 21.5 billable hours devoted to the case. This document sufficiently identifies the hours spent on attorney work versus the work done by law firm staff.

Adams's supplement, however, fails to provide information or documentation explaining why her lead attorney's billable rate has increased by $30 per hour. For example, Adams does not provide proof in the form of invoices from other cases showing the actual billing rate for comparable work; fees her attorney could have obtained by taking other cases in lieu of the current case; or an affidavit from another attorney who handles similar matters in a similar location or studies showing that the $30 increase per hour is reasonable in the current legal market. See Edge v. Norfolk Fin. Corp., No. Civ.A. 04-12134-DPW, 2005 WL 2323193, at *9 (D. Mass. Aug. 29, 2005); Silva v. Nat'l Telewire Corp., No. 99-219-JD, 2001 WL 1609387, at *7-8 (D.N.H. Dec. 12,

4

2001).  Lacking any such evidence, the court finds Adams's counsel's arguments for his fee increase unpersuasive.

In the past, this court has awarded Adams's lead counsel fees at the rate of $295 per hour for his work.  See, e.g., Mailhot v. Direct Recovery Servs., LLC, No. 16-cv-43-JL, 2017 U.S. Dist. LEXIS 106046, at *14-15 (D.N.H. May 10, 2017); Forcier v. Creditors Specialty Serv., Inc., No. 13-cv-444-LM, 2014 WL 6473043, at *14 (D.N.H. Nov. 17, 2014).  The court recommends that the $295 rate also apply in this case.  Applying that rate to the invoice included with Adams's supplement results in an award of attorneys' fees of $4,367.50 and costs in the amount of $470.

## Conclusion

For the foregoing reasons, the court recommends that the district judge award plaintiff attorneys' fees and costs in the amount of $4,837.50.

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v.

Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Andrea K. Johnstone
　　　　　　　　　　　　　　　　United States Magistrate Judge

August 29, 2018

cc:   John F. Skinner, III, Esq.

6